# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON

### MARVIN ANTHONY MATTHEWS v. STATE OF TENNESSEE (TONY PARKER, WARDEN)

**Direct Appeal from the Circuit Court for Lauderdale County**
**No. 6135    Joe H. Walker, III, Judge**

---

**No. W2007-00936-CCA-R3-HC  - Filed November 20, 2007**

---

The Petitioner, Marvin Anthony Matthews, appeals the lower court's denial of his petition for habeas corpus.  The State has filed a motion requesting that this Court affirm the trial court pursuant to Rule 20, Rules of the Court of Criminal Appeals.  As we conclude that the Petitioner has failed to allege a claim upon which habeas corpus relief may be granted, we affirm the trial court's dismissal.

**Tenn. R. App. P. 3; Judgment of the Trial Court Affirmed Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

J.C. MCLIN, J., delivered the opinion of the court, in which DAVID G. HAYES and JOHN EVERETT WILLIAMS, JJ., joined.

Marvin Anthony Matthews, pro se.

Robert E. Cooper, Jr., Attorney General & Reporter; Michael Moore, Solicitor General; Alice B. Lustre, Assistant Attorney General, for the appellee, State of Tennessee.

### MEMORANDUM OPINION

On December 13, 1988, a Shelby County jury found the Petitioner, Marvin Anthony Matthews, guilty of grand larceny.  *See Marvin Anthony Matthews v. State,* No. 16 (Tenn. Crim. App., at Jackson, Jan. 17, 1990), *perm. to appeal denied,* (Tenn. May 14, 1990).  The jury further found the Petitioner to be an habitual criminal and the trial court imposed a life sentence.  *Id.*  The

Petitioner's conviction and sentence were affirmed on direct appeal. Subsequently, the Petitioner began filing a series of petitions for post-conviction relief. *See, e.g., Marvin Anthony Matthews v. State,* No. W2003-02980-CCA-R3-PC (Tenn. Crim. App., at Jackson, May 21, 2004) (post-conviction petition barred by statute of limitations); *Marvin A. Matthews v. State*, No. W2000-01893-CCA-R3-PC (Tenn. Crim. App., at Jackson, Feb. 8, 2002) (post-conviction petition barred by statute of limitations); *Marvin Matthews v. State,* No. W1999-00833-CCA-R3-PC (Tenn. Crim. App., at Jackson, Apr. 17, 2001)(post-conviction petition barred by statute of limitations). One petition proved successful on appeal, with this Court reversing eight of the thirteen prior felony convictions used by the State to prove the Petitioner's habitual criminal status. *See Marvin A. Matthews v. State*, No. 02C01-9204-CR-00091 (Tenn. Crim. App., at Jackson, Feb. 24, 1993), *perm. to appeal denied*, (Tenn. Jun. 3, 1993). Notwithstanding, the requisite number of qualifying convictions remained to satisfy his classification as an habitual criminal. *See Marvin Matthews v. State*, No. W1999-00833-CCA-R3-PC.

The Petitioner also sought relief in the form of the writ of habeas corpus, but was also unsuccessful. *See, e.g., Marvin Anthony Matthews v. David Mills, Warden*, No. W2004-02209-CCA-R3-HC (Tenn. Crim. App., at Jackson, Mar. 11, 2005), *perm. to appeal denied*, (Tenn. Oct. 24, 2005) (habeas corpus relief denied for failure to state cognizable claim); *Marvin A. Matthews v. State*, No. 02C01-9206-CC-00141 (Tenn. Crim. App., at Jackson, Mar. 24, 1993) (habeas corpus relief denied for failure to state cognizable claim); *Marvin Anthony Matthews v. Charles C. Noles*, No. 02C01-9206-CC-00140 (Tenn. Crim. App., at Jackson, Feb. 24, 1993), *perm. to appeal denied*, (Tenn. Jun. 1, 1993) (habeas corpus relief denied for failure to state cognizable claim).

On April 2, 2007, the Petitioner filed the present application for the issuance of the writ of habeas corpus. As grounds for relief, the Petitioner alleged that the indictment against him is invalid as the underlying convictions have been set aside by the Court of Criminal Appeals. On this same date, the lower court entered an order dismissing the application for habeas corpus relief. In denying relief, the trial court stated that "Mr. Matthews alleges the indictment is insufficient. . . . The Court has reviewed the attached indictment and determines that it is sufficient." The Petitioner timely filed a notice of appeal document.

The determination of whether to grant habeas corpus relief is a question of law. *McLaney v. Bell,* 59 S.W.3d 90, 92 (Tenn. 2001), *overruled in part by, Summers v. State,* 212 S.W.3d 251 (Tenn. 2007). The Tennessee Constitution guarantees a convicted criminal defendant the right to seek habeas corpus relief. *See* Tenn. Const. art. I, § 15. However, the grounds upon which habeas corpus relief will be granted are very narrow. *Taylor v. State,* 995 S.W.2d 78, 83 (Tenn.1999). A petition for habeas corpus relief may only be granted when the judgment is shown to be void, rather than merely voidable. *Id.* A judgment is void only when it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered that the convicting court was without jurisdiction or authority to sentence a defendant or that a defendant's sentence has expired. *Archer v. State,* 851 S.W.2d 157, 164 (Tenn. 1993). On the other hand, a voidable judgment or sentence is one which is facially valid and which requires evidence beyond the face of the judgment or the record of the proceedings to establish its invalidity. *Taylor,* 995 S.W.2d at 83.

2

A petitioner bears the burden of establishing a void judgment or illegal confinement by a preponderance of the evidence. *Wyatt v. State,* 24 S.W.3d 319, 322 (Tenn.2000). Furthermore, it is permissible for a court to summarily dismiss a habeas corpus petition, without the appointment of counsel and without an evidentiary hearing, if there is nothing on the face of the record or judgment to indicate that the convictions or sentences addressed therein are void. *Passarella v. State,* 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994).

A valid indictment is essential to vest jurisdiction in the convicting court, and an indictment that is so defective that it fails to vest jurisdiction may be challenged in a habeas corpus proceeding. *See Wyatt v. State,* 24 S.W.3d 319,323 (Tenn. 2000). Our supreme court has held that an indictment meets constitutional requirements if it provides sufficient information (1) to enable the accused to know the accusation to which answer is required, (2) to furnish the court adequate basis for the entry of a proper judgment, and (3) to protect the accused from double jeopardy. *State v. Hill,* 954 S.W.2d 725, 727 (Tenn. 1997). After reviewing the indictment attached to the petition, the trial court concluded that the indictment meets both the constitutional and statutory requirements. Similarly, we also conclude that the indictment upon which the Petitioner's conviction is based, is sufficient to vest jurisdiction in the convicting court. Additionally, we acknowledge that this Court has previously determined that the fact that eight of the Petitioner's prior convictions were vacated did not entitle the Petitioner to relief from habitual criminality since five of the qualifying convictions remained. *See Marvin Matthews v. State*, No. W1999-00833-CCA-R3-PC.

When an opinion would have no precedential value, the Court of Criminal Appeals may affirm the judgment or action of the trial court by memorandum opinion when the judgment is rendered or the action taken in a proceeding without a jury and such judgment or action is not a determination of guilt, and the evidence does not preponderate against the finding of the trial judge. *See* Tenn. R. Ct. Crim. App. 20. We conclude that this case satisfies the criteria of Rule 20. Accordingly, it is ordered that the State's motion is granted. The judgment of the trial court is affirmed in accordance with Rule 20 , Rules of the Court of Criminal Appeals.

_____

J.C. MCLIN, JUDGE